ADAMS, J.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JUDITH LEGARD, | ) | CASE NO. 1:06CV0716 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>ORDER</u> |
| LORAIN CITY SCHOOL DISTRICT, et al., | ) | [RESOLVING DOC. 7] |
| | ) | |
| Defendants. | ) | |

This action is before the Court upon plaintiff's Motion to Remand (Doc. 7). The Court has reviewed the memorandum in support and memorandum in opposition (Doc. 8); and has considered the oral statements of counsel and the parties offered during the Case Management Conference ("CMC") held on September 25, 2006.[1]

On February 22, 2006, the plaintiff filed a five-count Amended Complaint in the Lorain County, Ohio Common Pleas Court (Case No. 05CV143338) against defendants Lorain City School District, Lorain City Schools Board of Education, David Williams, Erica Alexander, Barbara Kapucinksi, and Pamela Szegedy. "The Second Cause of Action is the claimed right of the Plaintiff as an employee of a political subdivision to continued employment, which is construed as property thereby invoking the Fourteenth Amendment, 42 U.S.C. 1983, and 42 U.S.C. 1985." Doc. 7 at 4. "The Fourth Cause of action sets forth conspiracy under 42 U.S.C. 1985, and therefore enjoys concurrent jurisdiction with federal [sic]." *Id.* at 5. Furthermore, in the Fifth Cause of Action, the plaintiff is seeking a declaratory judgment that the defendants'

---

[1] The Court announced its decision to deny the motion at the CMC.

actions are in violation of the Family Medical Leave Act of 1993 as well as the Americans with Disabilities Act of 1990. The remainder of the Amended Complaint alleges violations of Ohio law.

On March 30, 2006, the defendants removed the above-entitled case to this Court based on federal question jurisdiction. This case involves the plaintiff's prior employment as a Teacher's Aid with defendant Lorain City Schools Board of Education. Amended Complaint at ¶¶ 3-4. During her employment, Ms. Legard claims that she requested certain accommodations, including being able to arrive at work late, so that she could care for her autistic son. *Id.* at ¶¶ 5-10. She bases her claims on subsequent transfers to different schools within the Lorain City School District, the alleged denial of her requested accommodation of being able to arrive at work late and leave early, as well as her eventual termination. *Id.* at ¶¶ 11-15.

Plaintiff argues for remand to state court on the ground that "[t]he Plaintiff has . . . pled a cause of action pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1985, for which the jurisdiction is concurrent with the state." Doc. 7 at 1. The Court holds that removal was proper because the Amended Complaint contains allegations sufficient to confer subject matter jurisdiction upon this Court. *See* 28 U.S.C. §§ 1331 and 1441. For instance, a § 1983 claim may be removed to federal court even though state courts have concurrent jurisdiction over such claims. *See Dorsey v. City of Detroit*, 858 F.2d 338, 341 (6th Cir. 1988). At the time of removal, the Amended Complaint alleged that the defendants violated the plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution. Under the well-pleaded complaint rule, this raised issues of federal law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988); *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 514-15 (6th Cir. 2003).

Plaintiff also argues that since her "allegations indicate that state law does in fact predominate in this case as a whole," the entire case, including the federal claims, should be remanded. Doc. 7 at 3. 28 U.S.C. § 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The U.S. Supreme Court construed the "separate and independent claim or cause of action" language of § 1441(c) in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951), and recognized that the proper focus of the inquiry of whether a cause of action was "separate and independent" was not the underlying facts themselves, but rather the legal rights involved. *See id.* at 13 ("A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.") The Court finds that the plaintiff's state law claims and her federal law claims are all based upon the alleged denial of her requested work accommodations and her eventual termination. Therefore, the Court will retain jurisdiction over the federal and state claims in this case. *See Kabealo v. Davis*, 829 F.Supp. 923, 926 (S.D. Ohio 1993) (phrase "matters in which state law predominates" does not authorize remand of claims arising under federal law which are properly removed and which fall within district court's subject matter jurisdiction).

In addition to moving the Court to remand the case to the Lorain County, Ohio Court of Common Pleas, the plaintiff requests an award of costs and attorney fees incurred in bringing the motion to remand. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require

payment of just costs and any actual expenses, including attorney fees." The Court finds that the defendants properly removed this action. Therefore, an award of costs and fees is not warranted in this matter. Accordingly,

    Plaintiffs' Motion to Remand (Doc. 7) is DENIED.


    IT IS SO ORDERED.


|  January 24, 2007  |  */s/ John R. Adams*  |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |